## AS TO ACCEPTANCE OF TWO DIFFERENT BIDS FOR ARTICLES OF THE SAME CHARACTER,

Common Pleas Court of Lorain County.

JOSHUA E. BOYNTON v. CITY OF ELYRIA ET AL.

Decided, June 26, 1909.

*Municipal Corporations—Bids and Bidding—Construction of Section 1536-679 Authorizing Contracts with the Lowest and Best Bidder.*

Inasmuch as there can not be two or more lowest and best bids for the same class of goods at the same time, acceptance of two several bids for furnishing to a municipality water meters of a different manufacture but designed to serve a common purpose and offered at the same price, is a violation of the discretion reposed in boards of public service and of the principle of competition as provided in Section 1536-679, Revised Statutes.

*C. C. Chapman* and *F. M. Stevens,* for plaintiff.
*H. A. Pounds,* City Solicitor, and *Stroup & Fauver,* contra.

WASHBURN, J.

The council of the city of Elyria, after determining that it was necessary and proper to finish metering the water services of the city and providing the money therefor, passed the necessary legislation which authorized the board of public service to select and purchase meters according to law.

The board of public service thereupon advertised that sealed bids would be received for furnishing to the water works department of said city, f. o. b. cars, Elyria, "1,500, more or less, 5-8 inch meters." In answer to that advertisement the board of public service received several bids, and among them was the bid of the defendant, the Neptune Meter Co., in which they offered to furnish the required number of meters of a pattern known as the trident disc meter, at eight dollars each, and also the bid of the defendant, the Thomson Meter Co., in which they offered to furnish the required number of meters of a pattern known as the Lambert meter, at eight dollars each. There was quite a number of other bids, two of which at least offered to furnish meters at less than eight dollars, and there were two or more bids for more than eight dollars.

The board of public service accepted the bid of the Neptune Meter Co. for eight hundred meters at eight dollars and the bid of the Thomson Meter Co. for seven hundred meters at eight dollars, and ordered proper contracts prepared; thereupon the plaintiff, who is a tax-payer of the city, applied to the city solicitor to enjoin the board of public service from executing said contracts, and on his refusal to bring suit the plaintiff began this action.

There are several alleged irregularities in the proceedings of the council and board of public service of which complaint is made, but I shall consider only one as that is, in my judgment, decisive of the matter. That question is, Had the board of public service authority under the law to accept the two bids which they accepted, or should the board have either accepted one bid or rejected all bids?

The statutory law upon this subject is found in Section 143 of the municipal code of 1902 (1536-679), and it is there provided that when an expenditure is to be made by the board of public services which exceeds $500 "such expenditure shall first be authorized and directed by ordinance of council, and when so authorized and directed the directors of public service shall make a written contract with the lowest and best bidder after advertising for not less than two nor more than four consecutive weeks in a newspaper of general circulation within the city."

It will be noticed that the council's duty is performed when they authorize and direct the directors of public service to expend the money which they have appropriated, and after that the public's protection is in the direction of the statute requiring that the contract shall be with the lowest and best bidder.

It has been repeatedly held that the board of public service is vested with a very large discretion in determining which is the lowest and best bid; that the lowest bid may not be necessarily the best bid, and that the discretion vested in the board of public service can not be interfered with by the court unless the proof and circumstances establish what is called a gross abuse of that discretion, that which amounts to fraud or collusion; and it is conceded in this case, so far as this question now being considered is concerned, that had the board accepted either of the two bids which it did accept, no complaint could be made.

But can there be two lowest and best bids at the same time for articles designed to serve a common purpose but of different manufacture?

In the case at bar the board of public service determined that the meter manufactured by the Neptune Meter Co. was the best meter, and at the same meeting by a similar resolution they determined that the meter manufactured by the Thomson Meter Co., designed for the same purpose, was the best meter. Logically speaking the Neptune meter can not be better than the Thomson meter and the Thomson meter at the same time be better than the Neptune meter, if they are both designed and to be used for a common purpose. The statute requires that the contract be made with the lowest and best bidder and 'not the lowest and best bidders.

The statute was designed for the protection of municipal taxpayers generally by preserving and protecting the principle of competition. If there can be two or more lowest and best bids at the same time, then the object and purpose of the statute is endangered, if not destroyed. If the board determined that one bid was the lowest and best it had then placed itself in a position where it was too late to declare, while that resolution was in force, that another bid was also the lowest and best. The taxpayer is entitled to the individual judgment of each member of the board as to which bid is the lowest and best bid. If ane member honestly though that the Neptune Co.'s bid was the lowest and best, and another honestly thought that the Thomson Co.'s bid was the lowest and best, and those two members compromised by accepting a part of each bid, then the tax-payer is deprived of the best judgment of the members of the board as to which is the lowest and best bid, for in that case one member determined that the Thomson Co.'s bid was the best bid and that the Neptune Co.'s bid was not the best bid, and another member determined that the Neptune Co.'s bid was the best and that the Thomson Co.'s bid was not the best.

Aside from this, such a construction of the statute would enable bidders to avoid the competition which the statute is designed to promote, and it is the duty of the judicial tribunals of the state to construe the law so as to advance the purpose sought to be

accomplished; and hence I hold in this case that while the Neptune Co.'s meter may be better than the Thomson Co.'s meter, or the Thomson Co.'s meter better than the Neptune Co.'s, or that they might be of equal merit, they can not be each better than the other, and it being the duty of the board of public service to determine that one or the other was the best or else reject all the bids, and the board not having performed the duty which the law required for the protection of the tax-payers, the contracts proposed to be entered into are not authorized, and their execution is enjoined.

There are no authorities on this subject in Ohio, and but one in any state as far as I am able to ascertain, and that is the case of *State* v. *Commissioners*, 56 N. J. Law, 273.   That case differs from the case at bar in this, that the public authorities awarded a part of the work to the highest bidder and a part to the lowest bidder.   The board in that case found that one bidder had had the greater experience in laying pavement and the other bidder had had the greater experience in refining the paving material, which was asphalt, and the object of the board was to ascertain by actual use which was the better; but the Supreme Court of New Jersey determined that "it is the duty of the proper city board or officer to determine which of the bidders possesses the statutory qualifications, and then award the work to that bidder, unless they determine to reject all bids and re-advertise for the work."

In my judgment the principle of that case is applicable to the case at bar and a decree may be entered as I have indicated.